ROANE), Judge.
The bond, on which the motion is founded, is to be considered as one of two several obligations entered into on the part of the two several sheriffs and their respective securities, although consolidated in the same instrument. This construction arises not only from its being stated in the obligation that Winston and his securities are bound in the sum of .£10,158. IS., and Cecilia Anderson and her securities in the sum of £5,737. 10. 10., but also from the terms therein used, that the obligors are bound for the payment “According to our obligation aforesaid. ’ ’ What is mentioned of the amount of the aggregate sum does not vary the construction, and is only as a memorandum of the amount of both bonds taken together.
Considering this instrument however as containing either one bond, or two several bonds, a question arises, whether as it is subscribed by all the obligors they are not all liable for the whole amount? And that they are so liable derives some colour from its being stated in the obligation that the obligors are bound jointly and severally; but this construction is done away by that part of the condition which states that on a delivery by each set of obligors, the bond is void as to them, which would not be the case if each set of obligors were bound for the other.
*The words jointly and severally therefore in the obligation are to be taken reddenda singula singulis, to extend to each set of obligors and to each several obligation, and not to all the obligors with reference to both obligations.
If this be a separate bond, though contained in the same instrument, with another bond, most of the objections to the bond and to the notice will fall to the ground.
Indeed the bond seems taken agreeably to the act of Assembly which has been cited relating thereto, and the notice is sufficiently particular and descriptive to warn the defendant of what he is to answer. The Auditor having signed the notice, its being dated at the Auditor’s office, and stating that instructions will be given the Attorney General, are circumstances clearly indicative of its being a public bond which was to be moved upon : And when in addition to this, it is recollected that the notice further states, all the obligors except a deceased one; as well as, the date of the bond; its being a bond for the forthcoming of property; the particular sheriff by whom taken; and that the property therein mentioned, was laken in execution by virtue of two writs of fieri facias issued from the Clerk’s office of the General Court, there is a reasonable degree of certainty, as to the very bond, which was to be moved upon: And I believe that very many judgments have been affirmed in this court, upon notices not more particular. I am therefore for affirming the judgment.
CARRINGTON, Judge.
As the counsel for the plaintiffs in the supersedeas have insisted on their exceptions with great earnestness, I shall consider them in the order in which they were made, and give an answer to each of them.
The first exception is, that the notice does not state that the motion would be made at the instance of the commonwealth, or designate the parties *to the bond, but merely that a motion would be made on a bond payable to Parke Goodall.
*322 The date of the bond however is mentioned, and that the condition was for the delivery of property taken by Parke Goodall, sheriff of Hanover, by virtue of two writs of fieri facias issued, from the office of the General Court, against the estate of the defendant Winston; which was sufficiently descriptive of the bond: And if the defendants had given any other bond of the same date, under the like writs, so as to render it uncertain which was meant they might have shewn it. But, as none such is suggested, the fair presumption is, that none such existed.
The next objection is, that neither the penalty or the sum due is mentioned.
The answer to the last objection is an answer to this also.
The third objection is, that all the obligors are not mentioned, nor the person, to whom the bond is payable, sufficiently described.
But as the defendants were all obligors and the motion not intended to be made against any other ; as too the bond was joint and several; and Parke Goodall the obligee expressly named, there was no occasion to be more particular, as those circumstances gave the defendants full notice of the bond on which the motion would be made.
The fourth exception is, that one bond was taken on two executions.
This indeed is not common; but it does not follow from thence that the bond is void. No disadvantage could result to Winston from it, as he was not thereby subjected to more than he owed himself; for care is taken to prevent that. Besides it seems agreeable to the directions of the act of Assembly; which rather points at one bond only.
*The fifth objection is, that two separate debtors are included in the same bond.
This is nearly the same idea with that in the last exception; and may receive the same answer. For the condition designates the debt of each; and provides for the discharge of each. So that neither is in danger of sustaining any damage from the other.
The sixth error assigned is, that the bond should have been made payable to the creditor.
But that was not necessary in this case; because the act of Assembly directed that it should be taken to the sheriff for the use of the commonwealth.
The last exception is, that the day on which the property was to be delivered was Sunday.
But this surely could be no objection in this case; because the act of Assembly had expressly directed it; and therefore if it be true that it was contrary to law in common cases, it clearly was not so in this. For the sheriff stood justified by the act.
Upon the whole the exceptions taken by the plaintiffs counsel seem to me untenable: and therefore I am for affirming the judgment.
LYONS, Judge. Concurred.
•Judgment Affirmed.